1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY SCOBY,<br><br>　　　　　　Plaintiff,<br>　　vs.<br>JO ANNE B. BARNHART,[1]<br>Commissioner of Social Security,<br><br>　　　　　　Defendant. | Case No. CV 05-8342-OP<br><br>MEMORANDUM OPINION; ORDER |

The Court[2] now rules as follows with respect to the sole disputed issue listed in the Joint Stipulation.[3]

/ / /

/ / /

---

[1] Pursuant to Fed. R. Civ. P. 25(d)(1), Michael J. Astrue, the current Commissioner of Social Security, is hereby substituted as the Defendant herein.

[2] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See Dkt. Nos. 9, 19, 20.)

[3] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation ("JS"), filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

## I.
## **DISPUTED ISSUE**

As reflected in the Joint Stipulation, the sole disputed issue which Plaintiff raises as the grounds for reversal and/or remand is whether the ALJ properly determined that Plaintiff retains the functional ability to perform the identified alternative work activities. (JS at 4.)

## II.
## **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

## III.
## **DISCUSSION**

Plaintiff does not dispute the ALJ's finding that Plaintiff can stand and/or walk for approximately four hours out of an eight-hour workday. (AR at 28; JS at 5, 14.) Rather, Plaintiff contends that this finding conflicts with the ALJ's additional finding that Plaintiff could perform the three jobs identified by the

Vocational Expert.  (JS at 5-12.)  Specifically, Plaintiff argues that the Vocational Expert identified three jobs requiring the functional capacity to perform "light work," which, according to Plaintiff, necessitates standing and/or walking for approximately six hours out of an eight-hour workday.  (JS at 5-6.)  Plaintiff asserts that the ALJ had an affirmative duty to inquire about the discrepancy between Plaintiff's residual functional capacity and the requirements of the identified occupations as published in the Dictionary of Occupational Titles ("DOT").  (JS at 7-10, 14-15.)  Defendant contends that the DOT job classifications merely create a rebuttable presumption, from which the ALJ properly deviated in light of the expert testimony.  (JS at 11.)

"When a [Vocational Expert] . . . provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that . . . evidence and information provided in the DOT."  Soc. Sec. Ruling 00-4p.[4]  The ALJ may not rely on evidence "based on underlying assumptions or definitions that are inconsistent with [Social Security Administration] regulatory policies or definitions," including, inter alia, exertional level definitions.  Id.

When the Vocational Expert evidence conflicts with the DOT, neither one automatically "trumps."  Id.  "[T]he ALJ must first determine whether a conflict exists.  If it does, the ALJ must then determine whether the vocational expert's explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the [DOT]."  Massachi v. Astrue, 486 F.3d 1149, 1153 (9th Cir. 2007) (citing Soc. Sec. Ruling 00-4p).  However, the ALJ may rely on the Vocational Expert evidence "insofar as the record contains persuasive evidence to

---

[4] "[Social Security Rulings] reflect the official interpretation of the [Social Security Administration] and are entitled to 'some deference' as long as they are consistent with the Social Security Act and regulations."  Avenetti v. Barnhart, 456 F.3d 1122, 1124 (9th Cir. 2006).

1  support the deviation" from the DOT, such as when the Vocational Expert's
2  testimony leaves no "unresolved potential inconsistenc[ies] in the evidence." Id.
3  (quoting Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995)).  In Plaintiff's
4  case, no such unresolved inconsistencies exist.

5  　　　　The Social Security Administration categorizes a job as requiring "light
6  work" when the job:

> requires a good deal of walking or standing, or when it
> involves sitting most of the time with some pushing and
> pulling of arm or leg controls.  To be considered capable
> of performing a full or wide range of light work, [a
> claimant] must have the ability to do substantially all of
> these activities.

13  20 C.F.R. § 416.967(b).  In addition, "the full range of light work requires standing
14  or walking, off and on, for a total of approximately 6 hours of an 8-hour workday."
15  Soc. Sec. Ruling 83-10.  Nonetheless, some – albeit "[r]elatively few" – light work
16  jobs "involve[] sitting most of the time but with some pushing and pulling of
17  arm-hand or leg-foot controls, which require greater exertion than in sedentary
18  work."  Id.  Thus, the jobs identified by the Vocational Expert do not necessarily
19  conflict with Plaintiff's limited ability to stand.

20  　　　　The ALJ acknowledged this potential conflict when issuing his findings.
21  (See AR at 29) ("Although [Plaintiff's] exertional limitations do not allow him to
22  perform the full range of light work . . . , there are a significant number of jobs in
23  the national economy that he could perform.")  At the hearing, the ALJ asked the
24  Vocational Expert whether a forty-six-year-old man with a high school education
25  and limited to "walking no more than four out of eight hours" could perform
26  Plaintiff's prior job as a security guard.  (AR at 385.)  When the Vocational Expert
27  opined that such a man could not work as a security guard, the ALJ asked whether,
28  using the "same hypothetical," any positions existed at the "light category" that

1  such a man could perform.  (AR at 386.)  The Vocational Expert identified three
2  "jobs considered to be bench technician jobs that are unskilled in the labor market
3  that would allow the ability to sit or stand."  (Id.)  Because the Vocational Expert
4  "match[ed] the specific requirements of a designated occupation with the specific
5  abilities and limitations of [Plaintiff]," Massachi, 486 F.3d at 1153 (quoting
6  Johnson, 60 F.3d at 1435), no unresolved inconsistencies remained between the
7  DOT definitions and the Vocational Expert's evidence.

8      Accordingly, the Court finds that the ALJ properly relied on the Vocational
9  Expert's identification of occupations available in the national economy in finding
10 that Plaintiff could perform alternative work at step five of the sequential disability
11 analysis.

## IV.

## ORDER

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner, and dismissing this action with prejudice.

DATED: September 25, 2007

HONORABLE OSWALD PARADA
United States Magistrate Judge

5